UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

JESSICA LORRAINE YOUNG,       )
           )
     Plaintiff,        )     Civil Action No. 5: 26-127-DCR
           )
v.           )
           )
UK HEALTHCARE and FAYETTE     )     **MEMORANDUM OPINION**
COUNTY DETENTION CENTER,     )          **AND ORDER**
           )
     Defendants.     )

*** *** *** ***

On April 10, 2026, Defendant University of Kentucky (hereafter, "UK", erroneously named "UK Healthcare" in the Complaint) removed this civil action from the Fayette Circuit Court. [Record No. 1] Plaintiff Jessica Young later filed a motion to remand this action back to the state court. [Record No. 5] UK and named co-Defendant "Fayette County Detention Center" (hereafter, "FCDC") filed separate motions to dismiss the Complaint. [Record Nos. 7 and 8] The Court ordered briefing upon the motions. [Record No. 9] The parties have either filed responses to the motions [Record Nos. 11-13] or the time to do so has passed without response.

Young alleges that (1) she was injected with medications without her consent; (2) physical force was used during the injection and at other times; (3) racist language was directed towards her; (4) she suffered serious reactions to the medication; (5) chemical irritants were sprayed in her eyes; (6) she was "starved" while in FCDC custody; and (7) her medical records contain false or inaccurate information while also omitting mention of the foregoing events. [Record No. 1 at 4-5] With some exceptions, Young does not clearly indicate where or when

-1-

these purported events transpired.  However, Young asserts claims in her Complaint for "Medical Battery and Negligence," "Civil Rights Violations (8th & 14th Amendments)," and Defamation (Libel).  *See id.* at 5.

**I.**

The Court addresses Young's motion to remand first because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile …" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (*quoting Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).  The defendants removed this action on the basis of the Court's federal question jurisdiction. [Record No. 1 at 2]  In her motion to remand, Young contends that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because "[t]his action is a Personal lnjury lawsuit involving medical malpractice, negligence, and gross physical abuse. … As the master of my complaint, I have asserted state-law tort claims, not federal questions."  [Record No. 5 at 1]

But as the defendants point out, Young's Complaint expressly asserts a claim for "Civil Rights Violations (8th & 14th Amendments)." [Record No. 1-1 at 5]  Given Young's factual allegations regarding her treatment while she was confined in FCDC and possible race-based discrimination, that phrase indicates that Young is asserting a deliberate indifference claim under the Eighth Amendment and an equal protection claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  Such claims, even when § 1983 is not expressly referenced in the Complaint, present federal questions that permit removal.  *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 562 (6th Cir. 2011) ("Because Heyne brings suit under 42 U.S.C. § 1983 and alleges that Defendants violated his constitutional rights, the district court had original jurisdiction and removal was proper.") (*citing Dorsey v. City of Detroit*, 858 F.2d 338, 340

-2-

(6th Cir. 1988)); *Elliott v. Cnty. of Ionia*, 198 F.3d 245, 1999 WL 1021586, at \*1 (6th Cir. 1999).  Therefore, the Court will deny the motion to remand.[1]

## II.

Invoking Rule 12(b)(1) of the Federal Rules of Civil Procedure, UK moves to dismiss the complaint by pressing a facial attack to the Court's subject matter jurisdiction over plaintiff's claims based upon the immunity afforded by the Eleventh Amendment. [Record No. 7 at 1, 3-5]  Without expressly invoking Rule 12(b)(6), UK also asserts that it is not a "person" amenable to suit under Section 1983.  *See id*. at 5-6.  Finally, UK seeks dismissal of Young's state law negligence and defamation claims as barred by state sovereign immunity.  *See id*. at 7.  Young was ordered to file a response by May 11, 2026 [Record No. 9 at 2], but she failed to do so.

The Court warned Young that her failure to respond could result in dismissal of her claims for failure to prosecute.  [Record No. 9 at 2 (*citing* Fed. R. Civ. P. 41(b) and *Bowles v. City of Cleveland*, 129 F. App'x 239, 241-42 (6th Cir. 2005)] The Court declines to take that approach considering the plaintiff's *pro se* status and acknowledged mental health conditions. [Record No. 1-1 at 4]  In any event, the non-movant's failure to respond, without more, is not a permissible basis to grant an underlying *dispositive* motion, notwithstanding otherwise applicable local court rules indicating otherwise.  *Green v. City of Southfield, Michigan*, 759

---

[1]    The defendants also appear to argue that removal of Young's state law claims was proper because the Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. [Record No. 14 at 2]; [Record No. 13 at 2]  Section 1367 is relevant to the Court's power to *adjudicate* state law claims in a federal proceeding, *see generally Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27-28 (2025), but the removability determination under 28 U.S.C. § 1441(a) applies to the whole "civil action," not to individual claims asserted within it.

F. App'x 410, 417 (6th Cir. 2018) ("… where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly.") (*citing Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

That said, UK is correct that it constitutes an instrumentality of the Commonwealth of Kentucky. *See Univ. of Kentucky v. Moore*, 599 S.W. 3d 798, 805-06 (Ky. 2019). It is therefore an arm of the state for Eleventh Amendment purposes. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Accordingly, it is not amenable to a suit for money damages in federal court. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (cleaned up); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009). Because immunity from suit is jurisdictional in nature, the Court will dismiss the claims against UK – federal and state alike – for lack of jurisdiction.[2]

---

[2]    The Court declines UK's invitation to dismiss Young's state law claims as barred by state sovereign immunity. [Record No. 7 at 7] The Supreme Court has made clear that:

> … neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment. We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. [] We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). *See Gati v. W. Kentucky Univ.*, 762 F. App'x 246, 253 (6th Cir. 2019) (in removed action, affirming dismissal of state law claims asserted against state official in her official capacity on Eleventh Amendment grounds); *In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 781 (6th Cir. 2017).

## III.

Next, FCDC seeks dismissal of the claims against it pursuant to Rule 12(b)(6) on the ground that "is not an entity capable of being sued[.]" [Record No. 8 at 1-2] In response, Young filed a "Motion to Reconsider Order Dismissing Fayette County Detention Center." [Record No. 11] In her motion, Young asserts that FCDC should not have been dismissed because it was involved in the facts alleged in her Complaint. *See id.* at 1.

To be clear, the Court *did not* previously dismiss FCDC as a defendant in this case. Parties proceeding *pro se* are sometimes confused when a moving party tenders a *proposed* Order granting relief to their motion, as FCDC did here. [Record No. 8-1] Including a proposed Order is required by the Court's Local Rules. *See* LR 7.1(e) ("A party filing a motion must also file a separate proposed order.") However, a proposed Order has no effect unless and until the Court formally enters it. Because that has not happened, the Court treats Young's motion for reconsideration as a substantive response to FCDC's motion to dismiss.

FCDC is correct that it is not a suable entity, and Young's claims against it must be dismissed. As the Court has explained in an indistinguishable context:

> Flecha has named FCDC as a defendant. [Record No. 1 at 1] But in this Commonwealth, a county jail or detention center is not a legal entity which may be sued. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (*per curiam*), *cert. denied*, 502 U.S. 1032 (1992). The Court could construe Flecha's claim against the detention center as asserted against the Fayette County government itself; however, a municipality or county is only liable under § 1983 when its employees cause injury by carrying out the county's formal policies or informal practices. *Franklin v. Franklin Cnty., Kentucky*, 115 F.4th 461, 470 (6th Cir. 2024) (*citing Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Therefore, a plaintiff asserting a § 1983 claim against a municipality must identify in his complaint the specific policy or custom which he alleges caused his injury and connect the employee's conduct to that policy. *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022); *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014). Flecha does not identify such a county policy or custom,

-5-

and thus fails to state a claim for relief against the county. *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 698 (6th Cir. 2018).

*Flecha v. Fayette Cnty. Det. Ctr.*, Civil Action No. 5: 24-370-DCR, 2025 WL 394950, at *1 (E.D. Ky. Feb. 4, 2025). *See also Eldridge v. Tackett*, No. 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021) ("Eldridge likewise failed to properly state a claim against the Fayette County Detention Center and the Rowan County Jail. Both parties are jails and . . . not subject to suit under § 1983."). Because Young's Complaint likewise does not contain any policy or custom allegations, the Court finds no basis to infer a *Monell* claim against the Lexington-Fayette Urban County Government and will dismiss the claim against it.

Accordingly, it is hereby **ORDERED** as follows:

1.      Plaintiff Young's motion to remand [Record No. 5] is **DENIED**.

2.      The University of Kentucky's motion to dismiss [Record No. 7] is **GRANTED**, in part. The claims against it are **DISMISSED** for lack of jurisdiction.

3.      The Fayette County Detention Center's motion to dismiss [Record No. 8] is **GRANTED**. The claims against it are **DISMISSED** with prejudice.

4.      Plaintiff Young's Complaint [Record No. 1-1 at 4-5] is **DISMISSED** and this action is **STRICKEN** from the docket.

Dated: May 15, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky